## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 22 2020, 10:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald R. Shuler
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Megan M. Smith
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Byron N. Diaz,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 22, 2020<br><br>Court of Appeals Case No.<br>20A-CR-259<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Eric S. Ditton, Magistrate<br><br>Trial Court Cause Nos.<br>20D04-1909-F5-205<br>20D04-1807-F5-210 |

**Mathias, Judge.**

[1] Byron Diaz ("Diaz") was convicted in Elkhart Superior Court of Level 5 felony operating a motor vehicle after his driving privileges were forfeited for life. Diaz was on probation when he committed the offense, and his probation was revoked.

[2] Diaz appeals the four-year sentence, with two years executed and two years to be served in home detention, imposed for his Level 5 felony conviction, arguing that it is inappropriate in light of the nature of the offense and the character of the offender. Diaz also argues that the trial court abused its discretion when it revoked his probation and ordered him to serve his previously suspended one-year sentence in the Department of Correction.

[3] We affirm.

## Facts and Procedural History

[4] Between the years of 1995 and 2011, Diaz committed and was convicted of six offenses involving the illegal operation of a vehicle. More recently, in January 2019, Diaz pleaded guilty to Level 5 felony operating a vehicle while an habitual traffic violator after a lifetime suspension in case number 20D04-1807-F5-210 ("F5-210"). He was ordered to serve a two-year sentence, with one year to be served in community corrections and the remaining year to be served on unsupervised probation.

[5] On September 9, 2019, Diaz was charged with Level 5 felony operating a motor vehicle after his driving privileges were forfeited for life in case number 20D04-

1909-F5-205 ("F5-205"). As a result of this charge, Michiana Community Corrections filed a notice of violation in F5-210.

[6] On December 11, 2019, without the benefit of a plea agreement, Diaz pleaded guilty to Level 5 felony operating a motor vehicle after his driving privileges were forfeited for life and admitted that he violated his probation in F5-210. The trial court held Diaz's sentencing hearing on both matters on January 22, 2020.

[7] In F5-205, the trial court considered Diaz's guilty plea and acceptance of responsibility as mitigating circumstances. Diaz informed the court that he cannot obtain a driver's license because he is ineligible for a Green Card due to his criminal history. Tr. p. 20.

[8] Diaz's criminal history consists of two misdemeanor and five prior felony convictions all involving the illegal operation of a vehicle. The trial court also considered as aggravating that Diaz committed the offense in F5-205 while he was serving his sentence in F5-210 on home detention. The court noted that Diaz had received lenient sentences in the past but continued to commit "the same offense over and over and over." Tr. p. 27. The trial court concluded that the aggravating circumstances outweighed the mitigating circumstances and ordered Diaz to serve four years, with two years to be served in home detention, for the Level 5 felony operating conviction.

[9] The court also revoked Diaz's probation in F5-210 and ordered him to serve his previously suspended one-year sentence in the Department of Correction.[1] The court ordered the sentence imposed in F5-205 to be served consecutive to the one-year sentence imposed in cause F5-210.

[10] Diaz now appeals the sentencing orders in both F5-205 and F5-210.

## I. *Inappropriate Sentence*

[11] Pursuant to Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We must exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give due consideration to that decision, and we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

---

[1] Diaz satisfied the one-year home detention sentence in cause F5-210 while he was in jail awaiting trial on these offenses. Tr. p. 13.

[12] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Rose*, 36 N.E.3d at 1063.

[13] Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Our review under Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[14] Diaz was convicted of Level 5 felony operating a motor vehicle after his driving privileges were forfeited for life. "A person who commits a Level 5 felony . . . shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6. The trial court ordered Diaz to serve four years, with two years executed in the Department of Correction and two years to be served in home detention.

[15] We agree with Diaz that there are no circumstances surrounding the nature of his offense that would support the trial court's decision to impose a sentence above the advisory. But we must also consider Diaz's character.

[16] Diaz pleaded guilty and accepted responsibility for his offense. But Diaz's criminal history reflects poorly on his character. In 1995, he was convicted of misdemeanor driving without a license. In 2000, he was convicted of misdemeanor operating while intoxicated. In 2002, he was convicted of Class D felony operating while intoxicated. In 2003, he was convicted of Class D felony operating while intoxicated. In 2007, he was convicted of Class D felony operating a vehicle as an habitual traffic violator. In 2011, he was convicted of Class C felony operating a vehicle after lifetime forfeiture of driving privileges. And in January 2019, he was convicted of Level 5 felony operating a vehicle after lifetime forfeiture of driving privileges. He was serving his sentence for that conviction in home detention through community corrections when he committed the offense in this case. Diaz's criminal history also consists of other probation violations and multiple failures to appear for court hearings.

[17] The trial court weighed all of these circumstances and imposed a four-year sentence, which is two years less than the maximum six-year sentence for a Level 5 felony. Although Diaz pleaded guilty and took responsibility for his offense, his criminal history involving the repeated illegal operation of a motor vehicle, his commission of this offense while on home detention, and his unwillingness to lead a law-abiding life support the trial court's decision to impose a sentence one year more than the advisory. For all of these reasons, we

conclude that Diaz has not met his burden of persuading us that his four-year sentence, with two years executed and two years to be served in home detention, is an outlier that warrants revision by our court.

## II. Probation Revocation

[18] Diaz also argues that the trial court abused its discretion when it revoked his probation and ordered him to serve his previously suspended one-year sentence executed in the Department of Correction.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (internal citations omitted).

[19] Diaz claims the trial court abused its discretion when it ordered him to serve his previously suspended one-year sentence in the Department of Correction because he admitted the violation and drove the vehicle so he would not miss a day of work. Diaz was convicted of his seventh offense related to operating a

vehicle in F5-210. Yet, the trial court showed leniency and ordered Diaz to serve his two-year-sentence, which is just one year more than the minimum sentence for a Level 5 felony, in home detention and probation. Instead of taking advantage of the grace afforded to him, Diaz committed his eighth offense involving the operation of a vehicle. For this reason, we conclude that the trial court acted within its discretion when it ordered Diaz to serve his previously suspended one-year sentence in the Department of Correction.

## Conclusion

Diaz has not persuaded us that the sentence imposed in F5-205 is inappropriate in light of the nature of the offense and the character of the offender. And in F5-210, the trial court did not abuse its discretion when it revoked Diaz's probation and ordered him to serve his previously suspended one-year sentence in the Department of Correction.

Affirmed.

Riley, J., and Tavitas, J., concur.